By the Court.—Sanford, J.
charge of the court fairly submitted to the jury the questions of fact which were presented for determination, upon the pleadings and evidence ; and such submission appears *161 to have been accompanied by appropriate instructions as to the law of the case. No objection was made, and no exception was taken to the charge as delivered; but it is claimed and insisted that the judgment should be reversed, and a new trial ordered for error on the part of the court, In refusing to charge that the certificate of indebtedness, upon which the action was brought, is a negotiable instrument upon its face; and that the negotiable paper of municipalities is governed by the same principles as that of private individuals. Although the court failed to adopt the precise language of these propositions, they were both substantially embodied in the charge as delivered. The court expressly directed the attention of the jury to the fact that the certificate was payable to the order of Michael Donohue, and that, if treated, in all respects, like any other negotiable instrument, like a promissory note, before the plaintiff could recover thereon, he must show that he is a purchaser thereof without notice and for a valuable consideration. In thus comparing the certificate to “any other negotiable instrument,” as, for instance, a promissory note, the court charged, in substance, that such was the nature and character of the instrument in question. Its negotiability was assumed throughout the entire charge, and the law appropriate to negotiable commercial paper, was laid down for the guidance and government of the jury, as applicable to the case in hand. No distinction was suggested or recognized between the negotiable paper of a municipality and that of an individual, and the instructions to the jury clearly and accurately stated the principles of law applicable to the particular instrument in suit, irrespective of any question as to the corporate or individual, capacity of its maker. The requests embodied a mere abstract proposition which was fully adopted by the court, and effectually applied to the present controversy by specific instruc *162 tion as to the particular certificate of indebtedness which constituted the subject-matter of the action. Under these circumstances, the omission or refusal to adopt the plaintiff’s propositions, in the precise language of the requests, and to charge the jury in their precise terms, cannot be assigned as error. An exception to such refusal will not be sustained.
A more serious question is presented by an exception to the ruling of the court, in permitting the witness, Francis Humbert, to testify as to a conversation between William Leslie and himself, in relation to the certificate in suit, subsequently to its transfer and delivery by Leslie -to plaintiff.
After Humbert had testified that he knew Leslie, the following question was put to him:
“ Q. Since November, 1873, has any conversation taken place between you in relation to the certificate in the possession of Mr. Carr 1 ”
Carr had previously testified that the certificate came to his possession by transfer from Leslie, about the middle of November, 1873.
The question was objected to, unless the plaintiff was present.
The court stated that mere declarations as to the certificate would be ruled out, but that the fact that Leslie offered it for sale, subsequently to the time when the plaintiff said he bought it, might be proved.
The plaintiff excepted, and the witness thereupon answered, as follows :
£ ‘ Ans. There has.'”
The question was then put:
££ Q. What did he say in relation to it ”
To this question no objection was made, and the witness proceeded to relate the conversation, testifying fully and withoiit interruption, not only to the fact that Leslie had asked him to buy the certificate, then in the hands of Carr, but also to what Leslie had told *163 him as to the circumstances under, and the consideration upon, which Carr had acquired such possession.
Although the evidence was hearsay, and, as such, objectionable, I am of opinion that its reception, under the circumstances stated, ought not to be regarded as error, constituting sufficient ground for reversal. In permitting the question as to whether or not a conversation had occurred between Leslie and the witness, to be answered, the court committed no error. The error, if any, consisted in the intimation of the court, as to the ruling it would thereafter make with respect to further questions, when the same should be addressed to the witness.
The next question, viz. : “Q. What did he say in relation to it?” clearly called for any declarations as to the certificate, which Leslie might have made to the witness, and an objection to that question, if duly taken, would, doubtless, under the intimation of the court, have been promptly sustained. I think it due to the court that the objection should then have been made. The plaintiff should not have speculated upon the chances of the answer, by permitting the witness to proceed with a detailed statement of the entire conversation, but should have insisted upon such a change in the form of the question, as would have adapted it to the intimation of the court. By allowing the question to be put and answered without objection, when the court had already expressed the opinion that evidence for which it called, was objectionable and inadmissible, the plaintiff precluded himself from subsequently insisting that such evidence was erroneously received. He should, at least, have requested the court to strike it out, or to instruct the jury to disregard it. But however objectionable the evidence may have been, in theory and upon principle, I am of opinion that it could not, practically, have prejudiced the plaintiff, inasmuch as it tended to show that he *164 was a purchaser for value, at least to the extent of $50, advanced to Leslie upon receiving from him the certificate. As the jury failed to find in plain tiff’s favor for this amount, they must either have discredited the evidence altogether, as they well might do, in view of the uncontradioted testimony as to the felonious abstraction of the certificate by Leslie, or must have found that the plaintiff had notice of that fact; and in either case, the testimony could not have adversely affected the plaintiff. It had no bearing whatever upon the question of notice.
The judgment appealed from should be affirmed, with costs.
Curtis, Ch. J., concurred.